**DEBRON CORPORATION, Plaintiff,**
v.
**NATIONAL HOMES CONSTRUCTION CORPORATION, Defendants.**

**No. 72 C 320(1).**

United States District Court,
E. D. Missouri, E. D.

July 17, 1973.

---

Samuel C. Ebling, Millar, Schaefer, Ebling & Wallace, St. Louis, Mo., for plaintiff.

Albert E. Schoenbeck, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is pending on defendant's motion that the jury verdict and judgment of $97,691.00 entered thereon be set aside and a judgment rendered for defendant or in the alternative for a new trial.

The plaintiff, a general contractor, relies on the doctrine of promissory estoppel.

The facts are as follows: In December of 1970, plaintiff solicited defendant's bid for steel erection on a university building in Buffalo, New York. Plans and specifications were sent to defendant's employee, James Orr. In January 1971, Orr came to St. Louis to discuss the project with plaintiff, and on January 11, 1971, submitted a quotation of $128.00 per ton, of which $8.00 was for unloading. Plaintiff had no other bidders and in turn submitted a bid of $135.00 per ton to the university. On January 13, 1971, the university advised the plaintiff that it was the apparent low bidder on the job. On January 19, 1971, employees of plaintiff and defendant attended a meeting in Buffalo at the university and discussed plans with university people. On February 25, 1971, a letter of intent was sent to plaintiff by the university. On March 3, 1971, plaintiff wrote a letter to defendant which stated that a purchase order contract was being processed and would be forwarded shortly.

The plans and specifications for the building provided that work would begin on May 1, 1971. During the months of February, March and April of 1971, the plaintiff ordered steel from the steel mills for construction of the Buffalo building and prepared shop drawings and shop plans necessary for the fabrication of the steel. In late April, plaintiff was advised by telephone communication from James Orr that defendant would not do the steel erection. This refusal to do the work was confirmed by letter on May 3, 1971, from Bryce Burton, an executive vice president of defendant. Plaintiff requested a meeting, and on May 25, 1971, at the corporate headquarters of the plaintiff the defendant advised it would not do the steel erection. Thereafter, plaintiff solicited bids to have the work done and a contract was awarded to Midwest Steel Erection, Inc., for a bid amount of $593,299. The defendant's bid had been $495,608, and the jury awarded the plaintiff the difference between these two bids or a total of $97,691.

The plaintiff, on June 1, 1971, mailed a purchase order contract to defendant, which was more than a month after plaintiff had been informed that defendant would not do the work. The purchase order contract reduced the price to be paid to defendant from $495,608 to $486,862, which was $8,746 less than the quotation made by Orr. Addendums 3 and 4 to the specifications had never been shown to Mr. Orr prior to his quotation. The starting date of the work to be performed by defendant was changed from May 1, 1971, to late June 1971. Eleven new "Terms and Conditions" were added to the purchase order and

had never been discussed with the defendant. The plaintiff has failed to meet the burden of proof that it relied on the original quotation submitted to it by Mr. Orr in January. All the parties agree that no contract was ever entered into between the parties and in this cause the contract which the plaintiff offered to defendant was substantially changed from the quotation originally made by Orr. The following cases discuss the status of the doctrine of promissory estoppel in Missouri. Sharp Bros. Contracting Co. v. Commercial Restoration, Inc., 334 S.W.2d 248 (K.C. C.A.1960); for discussion of this case, see Missouri Law Review (Winter—1963), Vol. 28, No. 1, page 143; Thos. J. Sheehan Co. v. Crane Co., 418 F.2d 642 (8th Cir. 1969); see also Robert Gordon, Inc. v. Ingersoll-Rand Co., 117 F.2d 654 (7th Cir. 1941).

The judgment in favor of the plaintiff will be set aside and a judgment entered in favor of the defendant.